**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTWAN TIMMS, | ) | |
| | ) | No. 04 C 2443 |
| Movant, | ) | |
| | ) | |
| v. | ) | Honorable Charles R. Norgle |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondant. | ) | |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Movant Antwan Timms' Motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. Movant, Antwan Timms ("Timms") challenges his sentences for armed robbery (18 U.S.C. § 2113(a), (d)), and using a firearm during a crime of violence (18 U.S.C. § 924(c)(1)(A)). For the reasons stated below, the Motion is denied.

**I. BACKGROUND**

**A. Facts**

On Wednesday, January 24, 2001, three black males entered the Jewel Food Store located at 6057 South Western Avenue in Chicago. These individuals will be referred to collectively as "Defendants." One of the Defendants, later identified as Timms, stood near the exit doors of the Jewel Store. The two other Defendants, Malcolm Carpenter ("Carpenter") and Jamar Evans ("Evans"), approached the counter of the TCF Bank located within the Jewel Store. Carpenter then pulled a black semiautomatic handgun from his waistband, rested it on the counter, and demanded that the tellers give him money. Evans handed the tellers a black plastic

1

bag. The tellers then filled the bag with $21,079 in United States Currency, along with explosive packs of red dye. Carpenter then stuffed the bag into his jacket, and the Defendants left the Jewel Store, with Timms driving the getaway car.

Witnesses later described the lookout and getaway car driver Timms as wearing a white leather designer "Karl Kani" jacket, and blue jeans with a brown tiger emblem on the left leg. Several hours after the robbery, a Chicago Police officer (then unaware that the robbery had occurred) spotted the Defendants acting suspiciously. Timms was still wearing his distinctive outfit. Two days after the robbery, Carpenter paid off the remaining balance on the getaway car with red stained currency. The car dealer then took that currency to a nearby bank to make a deposit. The Defendants were later placed under arrest. While Carpenter was in the custody of the Chicago Police Department, red stained currency was found in his long johns.

In a post-arrest statement given to police, Timms acknowledged that he had discussed robbing a bank with the other Defendants, and that he had driven the other Defendants to and from the Jewel Store in a car owned by Carpenter and Timms' mother. Surveillance photographs showed Carpenter's and Evan's faces clearly during the robbery, and also showed Timms' Karl Kani jacket. Timms and the other Defendants were charged with armed robbery (18 U.S.C. § 2113(a), (d)) and using a firearm during a crime of violence (18 U.S.C. § 924(c)(1)(A)).

## B. Procedural History

Timms' case was severed from that of his co-defendants. The court denied Timms' motion to suppress his statements to the police, and to suppress other physical evidence obtained following his warrantless arrest. Timms was then tried and found guilty of both counts before a jury. Counsel called no witnesses on Timms' behalf. Timms was then sentenced to a total of

2

141 months in prison.

Timms then appealed his conviction and sentence to the Seventh Circuit. Timms' counsel, however, filed an Anders brief after determining that all the possible issues that could be raised in Timms' defense were frivolous. See Anders v. California, 386 U.S. 738, 744 (1967) (where appellate counsel for a criminal defendant finds that defendant's case "wholly frivolous," counsel may file a brief so advising the court; counsel may also then request permission to withdraw, and the court may then dismiss the appeal). The Seventh Circuit thought counsel's Anders brief adequate, and dismissed the case. United States v. Timms, 74 Fed. Appx. 647 (7th Cir. 2003). Timms then filed his present Motion under 28 U.S.C. § 2255. This Motion is fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Decision

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is jurisdictional, of Constitutional magnitude, or there has been a "complete miscarriage of justice." See Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004). This statute states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255 ¶ 1. If the court determines that any of these grounds exists, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255 ¶ 2. In making that

determination, the court must review the evidence and draw all reasonable inferences from it in a light most favorable to the Government. See United States v. Galati, 230 F.3d 254, 258 (7th Cir. 2000); Carnine v. United States, 974 F.2d 924, 928 (7th Cir. 1992).

Section 2255 petitions are subject to various bars, including that of procedural default. Section 2255 petitions are "'neither a recapitulation of nor a substitute for a direct appeal.'" McCleese v. United States, 75 F. 3d 1174, 1177 (7th Cir. 1996) (citations omitted). Therefore, a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-Constitutional issues that could have been raised on direct appeal, but were not; and (3) Constitutional issues that were not raised on direct appeal. See Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994)).

There are two exceptions to the procedural default rule: (1) if the movant demonstrates cause for failing to raise the issue and actual prejudice resulting therefrom; or (2) the court's refusal to consider the Constitutional issue would result in a fundamental miscarriage of justice, which requires a showing of actual innocence. See Belford, 975 F.2d at 313 (collecting authority); see also McCleese, 75 F.3d at 1177-78 (discussing fundamental miscarriage of justice). In light of these principles, the court examines Timms' Motion.

**B. Timms' Claims for Relief under § 2255**

Timms raises a total of four claims he asserts entitle him to relief under § 2255. Timms first asserts that his trial counsel was constitutionally ineffective. Timms next asserts that the Government failed to provide sufficient evidence to prove he aided and abetted this crime. Timms then asserts that prosecutorial misconduct occurred during his trial. Finally, Timms asserts that certain evidence should have been excluded by the court.

### 1. Ineffective assistance of counsel

In order to establish that his trial counsel was ineffective, Timms must "show that [his] counsel's performance was deficient, and that the deficiency prejudiced [his] defense." See Wiggins v. Smith, 539 U.S. 510, 521 (2003) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). An attorney's performance is deficient if it falls "below an objective standard of reasonableness." Wiggins, 539 U.S. at 521 (quoting Strickland, 466 U.S. at 688). Prejudice is established by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Benefiel v. Davis, 357 F.3d 655, 662 (7th Cir. 2004) (quoting Strickland, 466 U.S. at 694). An ineffective assistance of counsel claim may be brought in a § 2255 motion, regardless of whether the claim was raised on appeal. Massaro v. United States, 538 U.S. 500, 504 (2003).

Timms asserts that his trial counsel was ineffective for failing to interview and call co-defendant Carpenter on Timms' behalf. Timms' § 2255 Motion includes an affidavit signed by Carpenter, which indicates that Timms, on the day of the crime, was present at the crime scene but was unaware that a robbery would occur, and that Timms had no plans to participate in the robbery.

When a court reviews an ineffective assistance of counsel claim, the court's review is "highly deferential" to the attorney, "with the underlying assumption that 'counsel's conduct falls within the wide range of reasonable professional assistance.'" United States v. Holman, 314 F.3d 837, 840 (7th Cir. 2002) (quoting Strickland, 466 U.S. at 689). There is therefore a strong presumption that Timms' counsel at trial performed reasonably. See Strickland, 466 U.S. at 690; see also Cooper v. United States, 378 F.3d 638, 641 (7th Cir. 2004). To succeed in his

claim, Timms must show "errors so serious that counsel was not functioning as the 'counsel' guaranteed [to him] by the Sixth Amendment . . . ." See Holman, 314 F.3d at 839 (quoting Strickland, 466 U.S. at 687). In rare cases, an attorney's failure to investigate or call certain witnesses can constitute ineffective assistance of counsel. See Hampton v. Leibach, 347 F.3d 219 (7th Cir. 2003); Sullivan v. Fairman, 819 F. 2d 1382, 1390 (7th Cir. 1987).

In this case, however, counsel's failure to call Carpenter as a witness for Timms does not constitute ineffective assistance of counsel. Carpenter's affidavit indicates that a robbery occurred, and implies that Carpenter was a participant in that crime. "That the events that occurred on January 24, 2001, Mr. Antwan Timms was unaware of what happened during the robbery. Timms was an innocent bystander and he was caught up in someone else [sic] crime." Pet. under § 2255, Carpenter Aff. ¶ 3. Carpenter's affidavit does not indicate that he would have waived his Fifth Amendment rights and incriminated himself at Timms' trial, and the court finds it extremely unlikely that Carpenter would have done so. Counsel's decision not to call Carpenter as a witness for Timms therefore was not objectively unreasonable. See Wiggins, 539 U.S. at 521 (quoting Strickland, 466 U.S. at 688).

Moreover, given the weight of the Government's evidence against Timms, it is not clear that the jury would have believed Carpenter even if he had testified that Timms was an "innocent bystander." The Government's evidence against Timms included the following: surveillance photos showing Timms at the crime scene, a store employee's testimony indicating that Timms acted as a lookout during the crime, and Timms' post-arrest statement in which he admitted (1) planning the robbery with his co-defendants, (2) agreeing to act as a lookout during the robbery, and (3) driving the getaway car. Counsel's failure to call Carpenter therefore did not prejudice Timms. Benefiel, 357 F.3d at 662 (quoting Strickland, 466 U.S. at 694).

There is thus no indication that Timms' counsel failed to function as the "'counsel' guaranteed [to him] by the Sixth Amendment . . . ." See Holman, 314 F.3d at 839 (quoting Strickland, 466 U.S. at 687). The court therefore determines that Timms' counsel at trial was not constitutionally ineffective.

### 2. *Insufficient evidence to convict*

Timms next asserts that there was insufficient evidence to convict him of these crimes. Timms raised this issue on appeal. See Timms, 74 Fed. Appx. at 649. The Seventh Circuit rejected this assertion, finding it frivolous. Id. at 650. Timms is therefore procedurally barred from bring this issue in his § 2255 Motion. See Belford, 975 F.2d at 313 (a § 2255 motion cannot raise issues that were raised on direct appeal without a showing of changed circumstances); see also Olmstead v. United States, 55 F.3d 316, 319 (7th Cir. 1995). However, even if Timms had not procedurally defaulted this issue, there was clearly enough evidence presented at trial to convict Timms of these offenses. See infra II.B.1.

### 3. *Prosecutorial misconduct*

Timms also asserts that the Government engaged in two instances of misconduct during his trial. Timms argues that the Government engaged in "improper 'vouching'" during closing arguments, and that the Government displayed the gun to the jury in an improper manner.

The court first notes that Timms failed to raise either of these issues on appeal. See Timms, 74 Fed. Appx. 647. As Timms has made no showing of cause for failing to raise these issues, or actual prejudice resulting from this failure, Timms is procedurally barred from bringing either of these assertions in his § 2255 Motion. See Belford, 975 F.2d at 313.

However, even if these assertions are not procedurally barred, they are meritless. Timms asserts that the following statement by the Government constitutes improper "vouching":

> You don't have a conversation with your friends a week and a half before a bank robbery about how to make money, about committing other crimes to make money, about how to get money for this car payment, without knowingly participating in the conspiracy of what they end up doing, which is deciding we are going to commit a bank robbery.

Pet. under § 2255, at 10. Timms misunderstands the nature of "vouching." "Vouching occurs when a prosecutor expresses his personal belief in the truthfulness of a witness or when he implies that facts not before the jury lend credence to a witness." United States v. Joy, 192 F.3d 761, 769 (7th Cir. 1999); see also United States v. Anderson, 303 F.3d 847, 855-56 (7th Cir. 2002); United States v. Renteria, 106 F.3d 765, 767 (7th Cir. 1997). In making the above statement, the prosecutor neither expressed a personal belief in a witness' truthfulness, nor implied that facts not in evidence might lend credibility to a witness. There was therefore no improper "vouching."

As to Timms' assertion that the Government displayed the gun to the jury in an improper manner, Timms fails to point to any part of the record which would indicate this occurred. The court therefore deems this argument to be waived. See United States v.Jones, 224 F.3d 621, 626 (7th Cir. 2000) ("The lack of development of this argument . . . 'speaks to the paucity of the argument'"); see also United States v. Watson, 189 F.3d 496, 500 (7th Cir. 1999). The court therefore finds that there was no prosecutorial misconduct in this case.

### 4. *The court should have excluded certain evidence*

Finally, Timms asserts that the court should have excluded the testimony of a FBI agent regarding the surveillance photographs taken during the robbery, and testimony that indicated

Timms was under the influence of drugs the day after the robbery. Again, neither of these arguments were raised on appeal, and Timms has made no showing of cause for failing to raise these issues, or actual prejudice therefrom. Timms is therefore procedurally barred from bringing these claims in his § 2255 Motion. See Belford, 975 F.2d at 313.

However, even if these assertions are not procedurally barred, they are meritless. Timms asserts that law enforcement officers may not, during trial testimony, express their personal beliefs as to a defendant's guilt. See Pet. under § 2255, at 10. This is a correct proposition of law. See United States v. Lorefice, 192 F.3d 647, 651-52 (7th Cir. 1999) (citing United States v. Haddon, 927 F.2d 942, 947 (7th Cir. 1991)). However, Timms provides no indication that the testifying FBI agent expressed a personal belief as to Timms' guilt. In fact, Timms acknowledges that the agent merely testified as to the contents of the surveillance photographs taken during the robbery. See Pet. under § 2255, at 10.

As to Timms' assertion that the court should have excluded an FBI agent's testimony that Timms was high the day after the robbery, Timms appears to be arguing that this statement was prejudicial under Federal Rule of Evidence 403. Under Rule 403, "relevant [] evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." FED. R. EVID. 403. The Seventh Circuit has indicated that "evidence must be *unfairly* prejudicial to be excluded." United States v. Pulido, 69 F.3d 192, 201 (7th Cir. 1995). "Evidence is unfairly prejudicial only if it 'will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than the evidence presented.'" Id. (quoting United States v. Vretta, 790 F.2d 651, 655 (7th Cir. 1986)). Here, Timms does not explain how the court's admission of this testimony was so prejudicial as to cause the jury to decide this case for

9

improper reasons. The court did not abuse its discretion in allowing this testimony. See id. The court therefore rejects Timms' challenges to its evidentiary rulings at trial.

### III. CONCLUSION

For the foregoing reasons, Antwan Timms' Motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

                                                   ENTER:

                                                   _____

                                                   CHARLES RONALD NORGLE, Judge

                                                 United States District Court

DATED: July 13, 2005